UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **TERRY DAY, #520984,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) NO. 3:23-cv-01150 |
| | ) |
| **STATE OF TENNESSEE,** | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner Terry Day is an inmate of the Tennessee Department of Correction (TDOC) confined in Hickman County, Tennessee, at the Turney Center Industrial Complex. He filed an unsigned, pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. No. 1) without paying the filing fee or seeking pauper status. On December 28, 2023, Petitioner cured his failure to sign the Petition. (See Doc. No. 6 at 2). On February 13, 2024, he paid the filing fee. (Doc. No. 9).

### I. PRELIMINARY REVIEW OF THE PETITION

The Petition is now before the Court for a preliminary review. See Rule 4, Rules Gov'g § 2254 Cases (hereinafter, "Habeas Rules"). Under Habeas Rule 4, the Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Id.; see also Crump v. Lafler, 657 F.3d 393, 396 n.2 (6th Cir. 2011) (citing McFarland v. Scott, 512 U.S. 849, 856 (1994)) ("If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition.").

The Petition asserts only one claim: that Petitioner's "[t]ime given as pretrial credit by Davidson County [was] not given by Turney Center or TDOC records departments." (Doc. No. 1

at 5). Petitioner believes that the Davidson County Criminal Court's award of credit for the time he spent in jail prior to his conviction was not accurately accounted for in TDOC's calculation of his "outdate." (Id.). He states: "I have spoken with Counselor Rebeca James at Turney Center, filled out correct paperwork asking for my time to be corrected, yet they (Records, counselor) call the time street time and dead time yet it is simply pre-trial credits I am asking to be credited to my sentence[.]" (Id.). Petitioner also explains that he did not exhaust state remedies because "Hickman County doesn't want to deal with time corrections," and "Dana Nichols[1] disregards legal filings and discards any with sex offenses." (Id.). As relief, Petitioner asks the Court to order the State of Tennessee to account for the pretrial jail credits he was awarded at sentencing, thereby "effectively reducing [his] sentence and bringing [his] outdate much closer." (Id. at 15).

In asserting this sentence-calculation challenge, the Petition does not identify any grounds for finding that Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States," as required to grant federal habeas relief to state prisoners. 28 U.S.C. §§ 2241(c)(3), 2254(a). A petition that is solely concerned with whether TDOC's computation of the prison term "afford[s] Petitioner the amount of pretrial jail credits that the trial court ordered" is not cognizable in federal habeas but presents only issues of state law. Walker v. Jordan, No. 3:16-CV-548-RLJ-HBG, 2018 WL 1586808, at *2 (E.D. Tenn. Mar. 30, 2018) (quoting Kipen v. Renico, 65 F. App'x 958, 959 (6th Cir. 2003)); see Tenn. Code Ann. § 40-23-101(c) (state statute mandating credit for time spent in jail "pending arraignment and trial"); Bonner v. Tennessee Dep't of Correction, 84 S.W.3d 576, 581–82 (Tenn. Ct. App. 2001) (noting that TDOC "is required to calculate sentences in accordance with the sentencing court's judgment and with applicable [state] sentencing

---

[1] The Court construes Petitioner's reference to Dana Nichols as an attempt to reference the Hickman County Circuit Court Clerk, Dana Nicholson. See https://hickmancountytn.gov/departments/law-court-services (last visited Apr. 24, 2024). The Petition elsewhere mentions a "filing discarded by Hickman County Court Clerk." (Doc. No. 1 at 7).

statutes") (citing Tenn. Code Ann. § 40-35-501). The Petition before this Court presents just such a case, where the disagreement between Petitioner and his custodian appears to lie in the distinctions that state law draws between "pretrial credits," "street time and dead time," and "time served." (See Doc. No. 1 at 5; Doc. No. 1-1 at 1). Because "[a] federal court may not issue the writ on the basis of a perceived error of state law," Pulley v. Harris, 465 U.S. 37, 41 (1984), this Petition must be dismissed.

Moreover, even if a federal constitutional claim could be construed from the face of the Petition, the Court could not entertain it because Petitioner "has the right under the law of the State to raise, by an[] available procedure, the question presented." 28 U.S.C. § 2254(c). Under Tennessee's Uniform Administrative Procedures Act (UAPA), Tenn. Code Ann. § 4-5-101 et seq., a state inmate may petition TDOC for a declaratory order that applies court-awarded pretrial jail credits to the inmate's sentence calculation. Tenn. Code Ann. § 4-5-223; Howard v. Tenn. Dep't of Corr., No. M2016-00337-COA-R3-CV, 2016 WL 7048838, at *2 (Tenn. Ct. App. Dec. 5, 2016). In response to such a petition, TDOC must either "[c]onvene a contested case hearing . . . and issue a declaratory order," or "[r]efuse to issue a declaratory order[.]" Tenn. Code Ann. § 4-5-223(a). "If TDOC chooses not to convene a contested case hearing or refuses to issue a declaratory order, an inmate may obtain judicial review by seeking a declaratory judgment in the Chancery Court of Davidson County," Stewart v. Schofield, 368 S.W.3d 457, 464 (Tenn. 2012) (citing Tenn. Code Ann. §§ 4-5-223(a)(2), -225(a)), with ordinary appellate rights from that court's decision. See Howard, 2016 WL 7048838, at *2–3.

The Petition before the Court reflects Petitioner's attempts to resolve his dispute over jail credits with a counselor at Turney Center and with that institution's Records Office. (See Doc. No. 1-1 at 1). But those attempts are only the preliminary steps to the UAPA process, as described on

3

page six of the Offender Handbook posted to TDOC's website, https://www.tn.gov/content/dam/tn/correction/documents/502-04OffenderHandbook.pdf (last visited Apr. 24, 2024).[2] Even if he had properly petitioned TDOC for a declaratory order and been denied, Petitioner's description of filings that "Hickman County doesn't want to deal with" and that were "discarded by [the] Hickman County Court Clerk" (Doc. No. 1 at 5, 7) indicates that any attempt to secure judicial review was pursued in the wrong court; by statute, judicial review of an agency's denial of a declaratory order is only available in Davidson County Chancery Court. Tenn. Code Ann. §§ 4-5-223(a)(2), -225(a). Accordingly, the Petition is also subject to dismissal for failure to exhaust available state remedies.

## II. CONCLUSION

As explained above, it plainly appears from the Petition and attached exhibits that Petitioner is not entitled to habeas relief at this time. This action is therefore **DISMISSED WITHOUT PREJUDICE** to Petitioner's ability to file a future habeas petition that asserts a violation of his federal rights, after he has exhausted available remedies under state law.

Because this constitutes a "final order adverse to" Petitioner, the Court must "issue or deny a certificate of appealability." Habeas Rule 11(a). A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Furthermore, where a habeas petition is dismissed on procedural grounds, a certificate of appealability will not issue unless "jurists of reason would find it debatable whether

---

[2] The Court may take judicial notice of postings to TDOC's website. See Baxter v. Corizon Health, Inc., No. 14-1347-JDT-CGC, 2018 WL 4489464, at *4 n.4 (W.D. Tenn. Sept. 19, 2018), aff'd, No. 18-6109, 2019 WL 5436066 (6th Cir. July 30, 2019); see also Demis v. Sniezek, 558 F.3d 508, 513 n.2 (6th Cir. 2009) (taking judicial notice of federal Bureau of Prisons' "official Internet website") (citation omitted); see generally Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

the district court was correct in its procedural ruling." Dufresne v. Palmer, 876 F.3d 248, 253 (6th Cir. 2017) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

As reasonable jurists would not debate the Court's ruling that the Petition under review fails to substantially show denial of a constitutional right or exhaustion of state remedies, the Court **DENIES** a certificate of appealability. Petitioner may, however, seek a certificate of appealability directly from the Sixth Circuit Court of Appeals. Fed. R. App. P. 22(b)(1).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE